UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUJUANA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:11CV00057 AGF |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's application for reimbursement of attorney's fees in the amount of $3,951.58 (22.05 hours at an hourly rate of $179.21), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Plaintiff requests that, if granted, the EAJA award of fees be paid directly to her attorney rather than to Plaintiff.

The Commissioner does not object to an award of fees, in the amount sought.  The Commissioner acknowledges, however, that under *Astrue v. Ratliff*, _____ U. S._____, 130 S. Ct. 2521, 2529 (2010), an award of attorney's fees under the EAJA must be made directly to the "prevailing party," and requests that the award be paid to Plaintiff.[1]

The Court finds that Plaintiff's request for attorney's fees is supported by the

---

[1] The Commissioner notes that Plaintiff made an apparently valid assignment of the EAJA award to her attorney, s*ee* (Doc. No. 18-3), and indicates his intention to pay over the fees in accordance with the assignment after verifying that Plaintiff owes no debt to the Government.  (Doc. No. 19)

necessary documentation.  In addition, because the Court entered a judgment on March 23, 2012, reversing the decision of the Commissioner and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff is the prevailing party in this action.  Therefore, an award of fees in the amount requested is appropriate in this case.

Plaintiff offers no authority in support of her request that the fee award be made directly to her attorney.  In *Ratliff*, the Supreme Court, addressing the meaning of "prevailing party" for purposes of an EAJA award, held that the Government's history of paying EAJA awards directly to attorneys where the Plaintiff had no federal debt and had assigned the right to receive the fees to his attorney, did not alter the Supreme Court's interpretation of the EAJA requirement that an award of attorney's fees be made directly to the "prevailing party."  *Id.* at 2529.  The Court will adhere to the Supreme Court's directive in *Ratliff* and award the attorney's fees in this case to the Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for an award of attorney's fees pursuant to 28 U.S.C. § 2412 (d)(1)(A) is **GRANTED.**  (Doc. No. 17)

**IT IS FURTHER ORDERED** that an award of attorney's fees in the amount of $3,951.58 shall be made payable to Plaintiff in accordance with *Ratliff*,130 S. Ct. at 2529.

                                                  _/s/ Audrey G. Fleissig_
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2012.